## RUNCIE, ESTATE OF, In Re

Probate Court, Cuyahoga Co.

No. 215740. Decided Oct. 20, 1937

Boyd. Brooks & Wickham, Cleveland, for The Woodside Company of Nevada.

H. J. Doolittle, Cleveland, for Administrator d.b.n. of the Estate of James E. Runcie, deceased.

### OPINION

By BREWER, J.

On August 31st, 1937, The Woodside Co. of Nevada filed a petition in the estate of James E. Runcie, deceased, for permission to file its claim for allowance with the administrator de bonis non.

The facts of this case are substantially agreed upon by the parties so the case rests solely on a question of law. On February 2nd, 1933, The Woodsite Co., through its broker, sold to James E. Runcie, 100 shares of capital stock of The Union Trust Co. On March 31st, 1933, James E. Runcie died and an Administrator of his es-

tate was appointed on April 15th, 1933. On February 27th, 1933, The Union Trust Company failed to meet its obligations and on July 31st, 1934, the Superintendent of Banks under the authority of §710-75 GC, made an assessment against the said 100 shares in the sum of $2500.00, with interest, by §710-75 GC, the estate of James E. Runcie, deceased, was primarily liable to pay said assessment. In the event the estate did not pay said assessment, then The Woodside Co., the assignor of said stock, having assigned said stock within sixty days prior to the date when The Union Trust Co. failed to meet its obligations, became liable to pay said assessment.

The evidence discloses that a demand by the Superintendent of Banks was made upon the administrator of the estate of James E. Runcie, deceased, to pay said assessment and that he refused to pay the same. During the middle of 1937, the Superintendent of Banks made a demand on The Woodside Co. for payment of this assessment, and did, on about July 6th, 1937, commence suit against the brokers of The Woodside Co. The Woodside Co. thereafter, to-wit, on August 24th, 1937, paid the Superintendent of Banks the sum of $2446.97. The Woodside Co. is a Nevada Corporation and until November, 1936, had no agent within the State of Ohio.

The applicant filed its claim under §§10509-134 and 10509-148 GC. After careful study of §10509-112, this Court is of the opinion that the type of claim herein set forth is not governed by that Statute. This Statute provides that creditors shall file their claims, whether due or not due, within four months from the appointment of the administrator; and it goes on to say that the executor or administrator shall reject all claims except contingent claims, within thirty days after their presentation. It is evident from the very statement of facts that it would have been impossible for the creditor in this case to have presented his claim within four months inasmuch as he had no knowledge of his liability until June or July of 1937.

It is the creditor's contention that in view of the fact that the estate is still in the process of administration and inasmuch as §10509-112 does not pertain to his claim, that he should be permitted to file his claim at this time. This section became effective January 1st, 1932, and has since been the cause of considerable litigation. The case of **Beach v Mizner, 131 Oh St 481** has definitely held it to be a non-claim statute. The Statute embraces claims due or not due and also includes contingent claims; however, no provision said or disclosed in the Statute as to what presentation must be made on contingent claims or as to what contingent claims really are. Giauque, on the Settlement of Decedent's Estates, on page 528, states as follows: "A contingent claim is where the liability depends upon some future event which may or may not happen; it, therefore, makes it wholly uncertain whether there ever will be a liability." Whether or not the claim in the case at bar is a contingent claim, this Court will not decide, but, certainly, if it is a contingent claim, its contingency is exceedingly remote.

After The Woodside Co. had sold the stock and received value for it, it had no knowledge, whatsoever, of any liability until the middle of 1937, at which time they received notice for the first time, according to the evidence, that by §710-75 GC, it was liable for the assessment.

An ordinary contingent claim would, for example, be one where the decedent was an endorser of a note during his lifetime, which has not been paid, and that after the limitation period, the maker does not pay. In such a case the creditor would have to proceed against the estate. This would be an ordinary contingent claim. It may be the thought that under this Statute claims not due are to be considered contingent claims. This Court, after a careful reading of §§10509-112 and 10509-134, can reach no such conclusion. Sec. 10509-134 says, "Upon petition filed by a creditor, or person deriving title from him, whose claim has not been presented within the time

prescribed by law * * *." It then sets forth that the Court may reinstate such claims under certain conditions, and it is well to note that this Section applies to cases wherein claims have not been filed within the time prescribed by law. The time prescribed by law is four months, as set forth in §10509-112. Consequently, if the claim of the petitioner has not accrued so that it may be presented within the four months prescribed by the Statute, and if §10509-134 refers to the four months Statute; then it seems, by simple logic, that neither of these Sections apply to the case at bar. In Werner's American Law of Administration, Paragraph 394, the author, in discussing contingent claims, says, "But if such claims become absolute by the happening of the event upon which they depend, before the executor or administrator has fully administered, they may be presented for allowance, and enforced like other debts of the decedent." In some States the law provides that the non-claim statute begins to run from the time the contingent claim becomes actual; but there is no such statute in Ohio; and it is impossible that such a limitation be placed upon this claim.

The claim of the petitioner not having accrued until long after the death of the decedent, and until long after the time prescribed by the statute for the presentation of claims to the administrator for allowance, the Court must conclude that this claim is not the kind of claim covered by the Statute, which at least by implication embraces only actual claims and not claims which have not yet accrued or which do not exist. It is, therefore, the finding of this Court that §§10509-112 and 10509-134 are not applicable to the case at bar.

**Sec. 10509-148**, which deals with claims not accruing within nine months after the appointment of the executor or administrator, has been cited by both parties to this controversy and warrants some discussion. It may be noted that there is no section of the Code that applies to claims that shall become due after the four months or before nine months; omission might be due

to the fact that §10509-148 was re-enacted in the new code almost verbatim from the Statute which was in effect prior to January 1st, 1932. Consequently, inasmuch as §10509-112 is an entirely new statute, since January 1st, 1932, it does not dovetail with the re-enactment of §10509-148.

This Court is familiar with the case of **Koonce v The First Trust & Savings Bank, 49 Oh Ap 404,** cited by the attorney for the administrator, but cannot wholly agree with the decision thereof. Under the Koonce case, before a creditor could take advantage of §10509-148, it would be necessary that he receive the consent of the creditors and the executor or administrator for its allowance; but the Court has wholly disregarded the wording of this Statute, inasmuch as it is not mandatory, but permissive. In §10509-112, the Statute provides that creditors **shall** present their claims; it further states that, "the executor or administrator shall allow or reject etc." **Sec. 10509-148** says, that the creditor "may present his claim; "that the Court, "may order the claim to be discharged, etc." It would, therefore, seem that the logical interpretation would be that a creditor whose claim accrued after nine months, with the consent of the executor or administrator and creditors, could have his claim allowed if the Court saw fit so to do and payment be immediately made thereon. It would also seem just as logical an interpretation that if the administrator or executor were not willing to consent to the allowance of a claim accruing after nine months, the creditor could file his action upon his claim in the proper Court, regardless of this Section.

The petitioner herein asks only for leave to present his claim to the administrator for allowance. In the opinion of this Court, the petitioner's claim is not barred by the Statute, and there is no law which says that he may not present his claim. Under the common law the personal property descends to the executor or administrator and is subject to the payment of the decedent's debts or legacies. In the absence of any statute prescribing the method by

which a creditor must present his claim to the administrator for allowance, the creditor may present his claim under his common law rights at any time before the administration is closed, and if allowance of the claim is refused, he is entitled to sue.

Rockel in his Ohio Probate Practice, §572, in commenting on a prior Statute, similar to §10509-148 GC, says:

"If the creditor so chooses, he need not present his claim, and when it is due, he can sue on the same and recover from the distributees of the estate."

The motion to dismiss the petition for permission to present claim will be granted; and the petition of the claimant, insofar as it asks for permission to present claim to administrator, will be dismissed.